WILLIAM FREILE et al.

*v.*

JOSEPH H. RUDIGER et al.

[Submitted June 27th, 1917.  Decided November 22d, 1917.]

1. The burden is on an endorser of a note to show that the contract is different from that raised by the endorsements.

2. Where the holder of a note on failure of the maker to pay, applied to the payee, who had a claim against the holder equal to the note, for payment, and it was agreed that the holder would pay such amount if he could collect the note from an intermediate endorser, and the payee wrote "without recourse" after his endorsement, and the holder sued the intermediate endorser, the real party in interest was the payee, and he could be brought in as defendant by the intermediate endorser on a bill of discovery.

3. Where the payee of a note, on its being presented for payment wrote "without recourse" after his endorsement, failure of the holder to disavow the alteration after knowledge thereof, was a ratification of a material alteration which operated to discharge subsequent endorsers.

On bill, &c.

*Mr. Randolph Perkins,* for the complainants.

*Messrs. Treacy & Milton,* for the defendant Joseph H. Rudiger.

*Messrs. McDermott & Enright,* for the defendants Solomon M. Schatzkin and Henry A. Oetjen.

GRIFFIN, V. C.

The bill in this cause is filed for discovery in aid of a suit at law against the complainants William Freile, Anthony Michel and P. Edward Wisch, upon a promissory note made by Orpheum Amusement Company (upon which the complainants are endorsers subsequent to the defendant Rudiger, who is payee and first endorser), and for a perpetual injunction against the suit at law, and for a decree that the note be delivered up for cancellation, and for other relief. The note, at maturity, was protested for non-payment by Schatzkin, the holder thereof.

It seems that after the note had been protested, Schatzkin delivered the same to Rudiger, the payee and first endorser, to hand to his, Schatzkin's, attorneys for collection, under circumstances hereinafter stated. Rudiger, who was a director and vice president of a bank, knowing the order of liability between endorsers, wrote after his name the words "without recourse" and handed the note to the attorneys of Schatzkin. The bill contains numerous prayers for discovery, one of which called on the defendants Rudiger, Schatzkin and Oetjen to discover what interest either of them had in the note, and what interest Schatzkin or Rudiger had in the suit at law. The defendant Rudiger, answering this prayer, denied that "he is the beneficial owner of the note," or "that neither at this time nor at any other time has he had any interest in said note and the suit instituted thereon by the said Henry A. Oetjen."

The joint answer of Schatzkin and Oetjen denies that Rudiger has any right, title or interest in said note, but does not state whether he has any interest in the suit at law. These answers, in the respects above stated, are not strictly true, because Mr. Rudiger was the one most vitally interested in the suit at law.

Schatzkin and Oetjen also filed an answer by way of cross-bill against the complainants and Rudiger, praying that the words "without recourse" be stricken from the endorsement of Rudiger, and that the complainants and Rudiger be decreed to pay to them the amount due upon the note.

Three questions are presented for consideration: *First.* Was there an agreement between the complainants and the defendant Rudiger that complainants should be liable on the note prior to

Rudiger? *Second.* Was the suit at law instituted for the benefit of Mr. Schatzkin, or Mr. Rudiger, the payee? *Third.* Was there such a material alteration made in the note after its delivery to Schatzkin that, under the Negotiable Instruments act, it is void as to the complainants?

*First.* Was there an agreement between the endorsers that the liability of the complainants should be prior to that of the defendant Rudiger?

In *Polhemus* v. *Prudential Realty Corporation, 74 N. J. Law 570, 577,* the court of errors and appeals said: "When there are several parties to a bill or note who have become such for the benefit of another, their status, not only as to the holder for value, but *inter sese,* is, in the absence of relevant proof to the contrary, that which is shown by the paper upon which they have placed their names." In the present case, the evidence offered for and against an agreement varying the contract raised by the order of endorsement is so vague, indefinite and contradictory that the court cannot find that such contract existed; and, as the burden of proof is on Rudiger to show a contract different from that raised by the endorsements, and as he has not sustained that burden, he fails.

As to the second and third questions: Schatzkin says that when the note was not paid he demanded payment of Rudiger, and then an arrangement was entered into between them, which, in answer to a question of his counsel, Schatzkin explained as follows:

"*A.* Mr. Rudiger had a claim for an even amount of $2,500 for some insurance, which he came to me and tried to collect; and I told him, I said, 'You owe me $2,500 for the note; deduct the amount you owe me on the note, $2,500, to cover one amount for the other'; he said, 'Well, I suppose I will be responsible anyway, if it cannot be collected from them,' and we had an understanding that if I can't collect the note from Mr. Wisch or the other endorsers, then I shall deduct it from the amount due him; and in case I do collect the note, then I shall have to turn him over the $2,500 for the claim he had.

"*Q.* At any rate, it was a $2,500 debt?

"*A.* Yes; which nominally I owe him now, and I hold him responsible on the note. That was understood between us, that one should offset the other; if I collect here, I pay him his money, and if not, it should be deducted."

Pursuant to this agreement the note was delivered to Rudiger to take to Schatzkin's attorneys for collection. Rudiger thereupon wrote, under his endorsement, the words "without recourse" and delivered it to an attorney connected with Schatzkin's attorneys, at the same time advising him that he had written the words "without recourse" after his signature.

Schatzkin assigned the note to one Oetjen, a clerk in said attorneys' office, for the purpose of suit only. Oetjen had no beneficial interest either in the note or the moneys collected thereon.

Oetjen sued on the note in the supreme court. Rudiger was not made a party defendant.

After the commencement of the suit at law Schatzkin learned of the alteration, but did not object until his answer was filed herein.

On the foregoing facts, it is quite apparent that Mr. Schatzkin and Mr. Rudiger, in answering the above prayers for discovery, were untruthful. It is quite plain that Mr. Schatzkin was only nominally interested; that the real plaintiff, and the one for whose benefit the suit was brought, was Rudiger, and that hi. purpose in writing the words "without recourse" after his name was to avoid the liability imposed on him by law according to the order of endorsement.

If Schatzkin should be regarded as the person beneficially interested in the suit at law, and he failed, after knowledge of the facts, to disavow the alteration, he ratified Rudiger's act; and the alteration being material, changing the rights and liabilities of the endorsers, *inter sese,* operates as a discharge of the complainants from liability. *Bodine* v. *Berg, 82 N. J. Law 662, 669; Gray* v. *Williams (Vt.), 99 Atl. Rep. 735; Craw. Ann. Neg. Inst. L. 196 § 120,* and cases cited.

The parties having gone to hearing, and having stated on the record that they desired the whole controversy to be decided, the court, in its discretion, will retain jurisdiction and decide the issues. *Lehigh Zinc and Iron Co.* v. *Trotter, 43 N. J. Eq. 185, 204; Van Horn* v. *Demarest, 76 N. J. Eq. 386, 391; Knikel* v. *Spitz, 74 N. J. Eq. 581, 584; Varrick* v. *Hitt, 66 N. J. Eq. 442, 444; Mertens* v. *Schlemme, 68 N. J. Eq. 544, 548; Coast Company* v. *Spring Lake, 56 N. J. Eq. 615, 627.*

The decree will be for complainants, the form of which may be settled on notice. What decree Mr. Schatzkin may be entitled to against Mr. Rudiger may then be considered.